UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 4:16-CR-481 |
| JOSEPH EDWARD JOHNSON | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Michael Chu, Assistant U.S. Attorney, and the defendant, Joseph Edward Johnson ("defendant"), and defendant's counsel, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) (dismiss or not bring counts), state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.   Defendant agrees to plead guilty to Counts One and Five of the Indictment. Count One charges defendant with conspiring to commit wire fraud, in violation of 18 U.S.C. § 1349. Count Five charges defendant with conspiring to commit theft of public money, in violation of 18 U.S.C. § 371. Defendant, by entering this plea, agrees that he waives any right to have the facts that the law makes essential to the punishment either charged in the Indictment, or proven to a jury or proven beyond a reasonable doubt.

### Punishment Range

2.   The statutory maximum penalty for each violation of 18 U.S.C. § 1349 is imprisonment of not more than 20 years. The statutory maximum penalty for each violation of 18 U.S.C. § 371 is imprisonment of not more than 5 years. Each count carries the possibility of a fine of not more than $250,000 (or an amount not greater than twice the gross gain or loss, unless

imposition of a fine would unduly complicate or prolong the sentencing process). Additionally, defendant may receive a term of supervised release after imprisonment of up to 3 years. *See* 18 U.S.C. §§ 3559 and 3583. Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* 18 U.S.C. §§ 3559 and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised defendant of the potential immigration consequences resulting from defendant's plea of guilty.

## Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to defendant, including but not limited to wire fraud and tax refund fraud. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) [Deleted]

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

3

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f) Should the recommended departure, if any, not meet defendant's expectations, the defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal and Collateral Review

7. Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that 28 U.S.C. § 2255 affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under 28 U.S.C. § 2255. In the event that defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his

conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10. The United States agrees to each of the following:

(a) If defendant pleads guilty to Counts One and Five of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Indictment at the time of sentencing;

(b) At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(c) If the Court determines that defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

11. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

>
> (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;
>
> (b) to set forth or dispute sentencing factors or facts material to sentencing;
>
> (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;
>
> (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(a); and
>
> (e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13.    Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of 18 U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

   (a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if defendant, the United States, and the court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

   (c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he is, in fact, guilty of the charges contained in the Indictment. The Parties agree that if this case were to proceed to trial, the United States

could prove each element of the offense beyond a reasonable doubt, and that the United States could prove the following facts, among others, to establish defendant's guilt:

**Count One: conspiracy to commit wire fraud**

16. Beginning at least as early as January 2014 and continuing until at least in or about April 2014, in the Southern District of Texas, defendant knowingly conspired with others known and unknown to commit wire fraud in violation of 18 U.S.C. § 1343 by conspiring to steal money from victims' bank accounts and home equity lines of credit.

17. Essentially, the conspirators used victims' means of identification to create fraudulent bank accounts in the names of their victims. The conspirators also deceived the banks into mailing checkbooks to addresses the conspirators controlled. They then linked the fraudulent accounts to the victims' existing bank accounts (or home equity lines of credit), transferred money to the fraudulent accounts, and withdrew the funds before the fraud could be discovered.

**Example 1: Fraud suffered by victims S.B. and A.B.**

18. For example, prior to January 15, 2014, one of the co-conspirators posed as victim S.B. and called his bank. Over time, the bank was socially-engineered (i.e. deceived) into revealing enough means of identification to pass the bank's challenge questions and access the joint account of victims S.B. and A.B. The co-conspirator directed the bank to change the online password, e-mail address and physical address on file, and mail checks to an address controlled by the conspirators.

19. Using the new online password, a co-conspirator accessed the victims' online account, and on January 15, 2014, transferred $170,000 from their home equity line of credit to the conspirators' fraudulent account. Co-conspirator Enitra Pickett obtained a fraudulent check

9

for $91,256.73, and deposited it into her BBVA 4855 account. Shortly after the check cleared, Pickett made three withdrawals totaling $91,000, and the conspirators divided the proceeds among themselves.

**Example 2:   Fraud suffered by victim D.B.**

20. Similarly, in April 2014, defendant and his co-conspirators accessed without authorization the bank account of victim D.B., and transferred out $67,000 to an account they controlled. Simultaneously, defendant had the ATM cards shipped to his home. He and his co-conspirators then using the ATM card, withdrew $20,558 and used a debit card to buy an additional $30,193.48 in Walmart Money Grams, and divided the proceeds among themselves.

21. Defendant committed his acts within the Southern District of Texas. Based on all conspirators' actions that were within the scope, in furtherance, and during his participation in this conspiracy, as well as being reasonably foreseeable, the Parties agree that defendant and his co-conspirators caused an intended loss of at least $447,102.82.

**Count Five:   Conspiracy to steal public money (fraudulent tax refunds)**

22. In addition, defendant also knowingly conspired with others to violate 18 U.S.C. § 641 by stealing at least $1,000 by filing fraudulent tax refunds with the Internal Revenue Service that he and his conspirators knew contained false employment information, income, tax deductions, and tax credits, all to obtain fraudulent tax refunds.

23. Defendant furthered this conspiracy by obtaining and transmitting means of identification that were used to file fraudulent tax returns. He also filed false returns with the IRS that directed the IRS to pay the fraudulent tax refunds into these accounts. Shortly after the money

was deposited, defendant had co-conspirators withdrew the money before it could be frozen and divided the money among themselves.

24. For example, defendant Joseph Johnson received a text message from his nephew, co-conspirator James Michael Curtis Johnson, which contained the name, date of birth, and SSN of S.F., L.S., M.M., and T.G. Defendant used this information to file online tax returns with the IRS.

25. These tax returns were fraudulent. When interviewed, victim S.F. reported that he did not authorize anyone to file his tax returns, much less receive refunds in a bank account that was not his own. Moreover, while L.S., M.M., and T.G. have not responded to the FBI's requests for interviews, the tax returns filed in their names are fraudulent as (i) they list the same dependents and (ii) the FBI has confirmed that the sources of income were falsified.

26. When defendant filed these returns, he directed the IRS to pay the refunds to bank accounts controlled by co-conspirators such as Donald Perry dba Amnesty Tax Services. From there, the conspirators withdrew some of the funds by making checks payable to defendant Joseph Johnson and co-conspirator James Michael Curtis Johnson.

27. Defendant committed his acts within the Southern District of Texas.

**Breach of Plea Agreement**

28. If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and defendant's plea and sentence will stand. If at any time defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United

States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

29. This Plea Agreement is being entered into by the United States on the basis of defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless defendant obtains the prior written permission of the United States.

30. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to defendant's complete financial disclosure.

31. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents

necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

33. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

33. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined at sentencing. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that defendant will not attempt to avoid or delay payment. Subject to the provisions above, defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

34. Defendant agrees to the forfeiture of all proceeds that he obtained from the conspiracies to which he is pleading guilty. Defendant admits that any balances associated with all of the stored value cards that law enforcement seized from his residence in Houston, Texas in May 2014 constitutes proceeds that he obtained as a result of the conspiracy charged in Count Five. Defendant agrees to the seizure and forfeiture of the remaining balances, if any, associated with such cards. Defendant also agrees that the computers, phones, and other digital devices seized may be erased, and the items containing other persons' personal identifying information may be destroyed.

35. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

36. Defendant consents to the order of forfeiture becoming final as to defendant immediately upon its entry, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A).

37. Subject to the provisions above, defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

38. Defendant understands that under the Sentencing Guidelines the Court is permitted to order defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment. Subject to the provisions above, defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

39. This written plea agreement, consisting of 16 pages, including the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant, and defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

40. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on ___February 5___, 2018.

_____
Defendant Joseph Edward Johnson

Subscribed and sworn to before me on ___February 5___, 2018.

David J. Bradley, Clerk
United States District Clerk

By: _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

_____
Michael Chu
Assistant United States Attorney

_____
Gus Saper, Esq.
Attorney for defendant

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 4:16-CR-481 |
| **JOSEPH EDWARD JOHNSON** | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to defendant the provisions of those Guidelines which may apply in this case. I have also explained to defendant that the Sentencing Guidelines are only advisory and the court may sentence defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, defendant's decision to enter into this agreement is an informed and voluntary one.

_____     2-5-2018
Gus Saper, attorney for defendant         Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____     2-5-2018
Defendant Joseph Edward Johnson         Date